IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY HANSON,

                Plaintiff,

    v.

JOHANNA MILLER, LINCOLN COUNTY SOCIAL
WORKER SUPERVISOR JANE DOE,
DET. RANDY RALVA, ROGER SIR, ERIC SHEER,                    
JOHN DOE ATTORNEY GUARDIAN AD LITEM          OPINION and ORDER
MACHELLE HUBBARD, P.O. JANE DOE,
ANDREW POLZIN, CHRISTOPHER ELLIS,               25-cv-176-jdp
CIRCUIT COURT JUDGE ALLISON GALLEN-
BAYNE, CELINA WINCHELLE,
ANGELA SHELLENBERGER,
JANE DOE PROBATION AGENT,
LINCOLN COUNTY CIRCUIT COURT JUDGE
RUSSELL, and BRITTANY WOEBENKI,

                Defendants.

---

Plaintiff Ty Hanson, appearing without counsel, is a detainee at the Lincoln County Jail. Hanson alleges that Lincoln County social services staff, members of the sheriff's office, district attorneys, and judges have violated his rights in a variety of ways related to his family-court and criminal proceedings. Hanson has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Hanson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Hanson's

complaint fails to comply with the Federal Rules of Civil Procedure, but I will give him a chance to file an amended complaint. I will also deny his motions for preliminary injunctive relief.

ALLEGATIONS OF FACT

Hanson alleges that in December 2021, his son was removed from his girlfriend's home based on false allegations of drug use by Hanson and his girlfriend. Hanson did not live there and did not have custody over his son at that point. The witness was someone who defendant social services and sheriff's office officials knew was untrustworthy. Hanson believes that a social services employee planted used drug needles in the home.

Hanson's son was placed in a new home where there was drug activity. It appears that Hanson's stepdaughter was also placed there. Social services staff didn't appropriately monitor the children's safety at this home. A hair follicle test of Hanson's son tested positive for methamphetamine with an extremely high result, suggesting that the drug exposure was recent, at the new home. But instead Hanson and his girlfriend were charged with child neglect, and parole revocation proceedings were started. He was found not guilty in the revocation proceedings, and neither he nor his girlfriend failed any drug tests.

In February 2022, Hanson's girlfriend gave birth to his daughter. Defendant social services staff took custody of the baby girl. Hanson wasn't allowed contact with his children except by writing a letter that would be read to them. When Hanson placed a video call to his girlfriend and she showed Hanson his new daughter, social services canceled some of his girlfriend's visits with the children. His girlfriend was later wrongfully charged with bail jumping and tampering with an ankle monitor. Social services falsely reported that his girlfriend was "spiraling out of control," which resulted in the children remaining out of her custody.

While in jail, Hanson got into a "small altercation." Dkt. 1, at 14. A deputy planned to give him a "ticket" but a defendant district attorney decided to criminally charge him. Hanson believes that this was in retaliation for litigating his child-protection case.

Hanson states that when defendant district attorney Galen Bayne-Allison became aware of Hanson being found not guilty in revocation proceedings, he told the sheriff to find something to charge Hanson with. (Bayne-Allison is now a judge but I take Hanson to be suing him for his actions as a prosecutor). Hanson was charged with several drug offenses, some of which he pleaded guilty to after filing his complaint in this case. *See State v. Hanson*, Lincoln County Case No. 2022CF165. Wisconsin's electronic court database shows that his charge of child neglect was dismissed but read in to be considered at sentencing. Hanson also states that Bayne-Allison played some role in the removal of Hanson's attorney in the child-protection case.

At the trial in the child-protection case, Hanson and his girlfriend lost custody of their son but did not lose custody of their daughter. Hanson says that the county withheld exculpatory evidence in that trial.

Hanson remains at the jail after being charged with first-degree sexual assault of a minor, intimidation of a victim, and bail jumping. *See State v. Hanson*, Lincoln County Case No. 2024CF267. He is subject to bond conditions keeping him from seeing his girlfriend or children.

ANALYSIS

**A. Screening Hanson's complaint**

Hanson attempts to bring claims against Lincoln County social services staff, members of the sheriff's office, district attorneys, and judges, stating that they are all working together to harm him in retaliation for him defending himself in the child-protection case. He seeks money damages, dismissal of his criminal charges, reversal of the judgment in the child-protection case, and for defendants to be investigated and criminally charged.

There are multiple problems with Hanson's complaint. Hanson seeks to undo various state-court rulings against him, which this court cannot do in a civil-rights lawsuit under 42 U.S.C. § 1983 like this one. He cannot bring a claim under § 1983 if success on that claim would necessarily imply that a criminal conviction or sentence is invalid. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Nor can I immediately consider claims challenging defendants' actions in his pending prosecution for sexual assault of a minor. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Even if Hanson brought claims only about this prosecution that did not violate Rules 18 and 20, I would have to stay the case until resolution of his criminal proceedings. And under the *Rooker-Feldman* doctrine, I cannot consider a claim to overturn a judgment in Hanson's family court proceeding. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024).

Hanson does ask for money damages for various alleged violations of his rights before and during his state-court proceedings that this court likely could hear. See *Gilbank*, 111 F.4th at 792 (court may consider claims about misconduct in course of litigating family-court case even if those claims would imply that state-court judgment was incorrect); *Hill v. Murphy*, 785 F.3d 242, 245–46 (7th Cir. 2015) (*Heck* rule "rarely" applies to Fourth Amendment claims

4

because conviction may be valid even if preceding search or seizure wasn't.). But Hanson's allegations span multiple criminal prosecutions and a family court proceeding. These allegations almost certainly violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Hanson asserts that there is a wide-ranging conspiracy against him among county personnel, but the court reviews conspiracy allegations carefully. *See Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Even at the pleading stage, it is "essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Hanson's allegations do not meet this standard, so he cannot bring all of his current claims together in one lawsuit.

I will give Hanson a short time to submit an amended complaint fixing these problems. In drafting his amended complaint, Hanson should be sure to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals that he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Limit his claims to a single set of transactions or occurrences, and explain how any seemingly separate set of events are related to each other.

If Hanson doesn't submit an amended complaint by the deadline set below, I will dismiss the case and direct the direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

## B. Preliminary injunctive relief

Hanson has filed a series of motions for preliminary injunctive relief. Dkt. 2; Dkt. 11; Dkt. 12. He isn't entirely clear about the relief he seeks in those motions. But in his complaint he states that he seeks injunctive relief "to lift [his] unconstitutional restrictions and bring to light the conflicts and exculpatory evidence being ignored by the courts with [his] open cases" Dkt. 1, at 24. And I take him to be seeking modification of the bond conditions in his current criminal proceedings that restrict contact with his girlfriend and children.

I am not allowing Hanson to proceed with any claims, which would be enough reason to deny his motions for preliminary injunctive relief. But even if he were proceeding with claims I would deny his motions because he asks for relief that this court cannot give him; the court cannot intervene in his ongoing criminal and family-court proceedings. *See Younger*, 401 U.S. 37; *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (federal courts cannot adjudicate claims that take aim at a contested and ongoing family court custody dispute)). Nor can it order a criminal investigation of defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until November 25, 2025, to submit an amended complaint.

3.  Plaintiff's motions for preliminary injunctive relief, Dkt. 2; Dkt. 11; Dkt. 12, are DENIED.

Entered November 4, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge